IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

**DIANA M. DAVIS,**

    Plaintiff,

    v.

**MICHAEL J. ASTRUE**, **Commissioner
of Social Security,**

    Defendant.

Case No. CV 10-742-SI

**OPINION AND ORDER**

Merrill Schneider
Schneider Law Offices
P.O. Box 14490
Portland, Oregon 97293
    Attorney for plaintiff

Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Nancy Mishalanie
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
    Attorneys for defendant

**SIMON, District Judge**:

The matter before the court is the Commissioner's Motion to Alter or Amend Judgment (doc. # 23). The Commissioner asks that the court alter its decision reversing the Commissioner's decision and remanding for further administrative proceedings at step five of the sequential analysis, and instead affirm the ALJ's decision. The Commissioner argues that the court erred in: (1) finding that the ALJ relied on "indefinite testimony" from the vocational expert ("VE"); and (2) finding that the Dictionary of Occupational Titles ("DOT") did not contain an entry for a job identified as DOT 731.684-038. Opinion and Order, filed December 7, 2011 (doc. # 21) ("Opinion and Order"). For the reasons discussed below, the motion is denied.

## STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, the court has discretion to alter or amend a judgment if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel,* 656 F.3d 984, 998 (9th Cir. 2011).

With regard to the Commissioner's first argument, the court is unpersuaded that it erred in concluding that the ALJ relied on indefinite testimony from the VE to find that Plaintiff could perform the job of Cashier II at a sedentary exertional level.[1] The VE acknowledged that Cashier

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. §§ 404.1567(a), 416.967(a).

II was identified in the DOT as a light[2] job, but explained the inconsistency between the DOT job description and her own testimony by saying the job definition had last been updated in 1981. As the court noted, the VE did not explain how or why the date of the last update affected the exertional level of the job. The VE also stated that there were "now listed in Oregon about 4,100 positions as office helper, unskilled, sedentary." Tr. 604. The statement that there are 4,100 sedentary *office helper* positions does not explain why the VE deviated from the DOT by testifying that Cashier II, DOT 211.462.010, should be considered a sedentary job. The characterization of "office helper" appears nowhere in the DOT description of Cashier II, whose alternate titles are cash clerk; cashier, general; and cashier, office. The statement that 4,100 sedentary office helper jobs exist in the Oregon economy does not explain the VE's testimony that a claimant limited to sedentary work is nonetheless able to perform the position of Cashier II, identified as a light job in the DOT.

With regard to the Commissioner's second argument, the Commissioner conceded that the DOT does not contain an entry for a job identified by the VE as "optical goods inspector," DOT 731.684-038, but stated in his brief that the VE had inadvertently transposed the first two digits of the DOT number and intended to identify the job of polisher, eyeglass frames, DOT 713.684-038. The Commissioner is correct that the court erred when it stated that the DOT did not contain a job identified as DOT 713.684-038. Opinion and Order, p. 29, lines 5-6. The court nevertheless declines to interpret the VE's testimony to identify a job with a different DOT description (eyeglass frames polisher, not optical goods inspector) and a different number

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b).

(713.684-038, not 731.684-038). The VE did not identify the job correctly in her testimony, either by title or by number, and the court has no authority to make interpolations in the record to correct these errors. Under 42 U.S.C. § 405(g), the court has the power to enter a judgment only "upon the pleadings and transcript of the record." *See also Bray v. Comm'r of Social Security Admin.,* 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ–not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Citing SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947) (court has no power to affirm administrative action by substituting what it considers to be a more adequate or proper basis) *and Angst v. Astrue,* 351 Fed. Appx. 227, 229 (9th Cir. 2009) (Rymer, J., concurring) (federal court review limited to record on which ALJ rendered decision).

The Commissioner's Motion to Alter or Amend Judgment (doc. # 24) is DENIED. The court amends the Opinion and Order to delete the following sentence from page 29, lines 5-6: "The argument is unavailing because there is no entry for DOT 713.684-038 either."

IT IS SO ORDERED.

Dated this 3rd day of January, 2012.

    /s/ Michael H. Simon

Michael H. Simon
United States District Judge