IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

**DIANA M. DAVIS,**

    Plaintiff,

    v.

**MICHAEL J. ASTRUE**, **Commissioner of Social Security,**

    Defendant.

Case No. CV 10-742-SI

**OPINION AND ORDER**

Merrill Schneider
Schneider Law Offices
P.O. Box 14490
Portland, Oregon 97293
    Attorney for plaintiff

Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Nancy Mishalanie
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
    Attorneys for defendant

**SIMON, District Judge**.

On December 7, 2011, the court entered an Opinion and Order remanding this case for further administrative proceedings at step five of the sequential analysis (doc. # 21). The court concluded that the Commissioner erred by finding that Plaintiff had the residual functional capacity to do sedentary work, but accepting testimony from the Vocational Expert ("VE") that Plaintiff could perform the jobs of Cashier II, identified in the Dictionary of Occupational Titles ("DOT") as a light job; Office Helper, also defined in the DOT as a light job; and Optical Goods Inspector. The court noted that the VE had characterized Cashier II as a sedentary job, despite its being identified in the DOT as a light job, without any explanation of the deviation, and that the VE had also acknowledged that Office Helper was classified in the DOT as a light job, but explained the inconsistency[1] with the statement that the job definition had last been updated in 1981 and there were "now listed in Oregon about 4,100 positions as office helper, unskilled, sedentary." The court concluded that such "indefinite testimony" was not persuasive evidence to explain a conflict with the DOT, as required by *Tommasetti*.[2]

The matter now before the court is Plaintiff's motion for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. # 27). The Commissioner asserts that the

---

[1] When a VE provides information about the requirements of an occupation, the ALJ has an affirmative duty to determine whether the information conflicts with the DOT and to obtain an explanation for the apparent conflict. *Massachi v. Astrue,* 486 F.3d 1149, 1152-53 (9th Cir. 2007). The ALJ must resolve the conflict, and make findings about how the conflict was resolved, before relying on the testimony to find that a claimant is not disabled. *Id.*; SSR 00-4p, 2000 WL 1898704 (S.S.A.).

[2] For an ALJ to accept VE testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Tommasetti v. Astrue,* 533 F.3d 1035, 1042 (9th Cir. 2008).

Opinion and Order, Page 2

motion should be denied because the government's position was substantially justified.

The Equal Access to Justice Act ("EAJA") authorizes the payment of attorney's fees to a prevailing party in an action against the United States absent a showing by the government that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala,* 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney fees is discretionary with the district court. *Id.* at 567; *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002).

The failure of a government position to prevail does not establish a presumption that the position itself was unreasonable. *See, e.g., Pierce v. Underwood,* 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). For purposes of determining whether the government's position was substantially justified, the court applies a reasonableness standard. *Flores,* 49 F.3d at 570. The government must demonstrate that its position had a reasonable basis in both law and fact. *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988). The reasonableness standard is met if the Commissioner's position is "justified in substance or in the main," or "to a degree that could satisfy a reasonable person." *Corbin v. Apfel,* 149 F.3d 1051, 1052 (9th Cir. 1998); *Lewis,* 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Kali,* 854 F.2d at 332.

In his opposition to Plaintiff's request for fees under the EAJA, the Commissioner points out that the court's Opinion and Order remanding the Commissioner's decision for further administrative proceedings "affirmed the Commissioner's decision on every issue raised by

Plaintiff except for the single issue of reliance on VE testimony at step five." Defendant's Opposition to Plaintiff's Motion, p. 4 (doc. # 29). The Commissioner argues that, as in *Lewis,* the ALJ's position had a reasonable basis in law and fact because: (1) the ALJ is entitled to rely on VE testimony at step five; (2) "[a]n ALJ may take administrative notice of any reliable job information, including information provided by a VE," *Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005); and (3) the VE explained the inconsistency with the DOT by testifying that the DOT was last updated in 1981 and that there were "now listed in Oregon about 4,100 positions as office helper, unskilled, sedentary." The Commissioner asserts that the ALJ reasonably inferred from the VE's testimony that the VE had obtained from other sources information more current information than the DOT, having elicited from the VE a listing of employment reports providing information about the number of sedentary office helper positions. Thus, according to the Commissioner, the VE's testimony "showed that she kept current on job information regarding how a job is performed as well as how many types of jobs are available," and the VE's testimony was properly understood by the ALJ to mean that the office helper job was currently performed at the sedentary level in the numbers the VE had provided. The Commissioner argues that even after the jobs of Cashier II and Optical Goods Inspector are eliminated, the remaining job of office helper, performed at the sedentary level at the numbers given by the VE represents a significant number of jobs at step five.

      The court concludes that, although the Commissioner did not prevail on this issue, the Commissioner's position was reasonable in law and fact, and therefore was substantially justified. Accordingly, Plaintiff's request for attorney's fees under the EAJA (doc. # 27) is DENIED.

IT IS SO ORDERED.

Dated this <sup>9th</sup> day of April, 2012.

                                                        /s/ Michael H. Simon
                                                              Michael H. Simon
                                                         United States District Judge